CLARA MORTEN                              NO. 8580

    VS                              :

THE NATIONAL LIFE AND ACCIDENT        :        COURT OF APPEAL
    INSURANCE CO.                             PARISH OF ORLEANS

                                          :

            : : : : :

- - -

WILLIAM A. BELL, JUDGE

- - -

FEBRUARY 19, 1923.

Court of Appeal
PARISH OF ORLEANS
FILED 2/19/23
Hansburn

By WILLIAM A. BELL, Judge.

Plaintiff brings this suit against the defendant company upon a certain accident policy issued to her on November 12, 1917. The date of the petition herein filed is October 19, 1921, and the accident by which she alleges to have sustained injuries, indemnity for which are claimed under the policy, is shown to have occurred on April 9, 1918. She alleges that she was totally disabled and will so remain for the balance of her life. The amount claimed under the policy is the sum of $240.00. The defendant answers this suit, pleading exceptions of vagueness, of no cause of action and finally setting up the special defense of prescription, contending that the cause of action, if any has arisen under said policy, is now prescribed by two years under a stipulation contained in said policy to the effect that no suit shall be brought nor action commenced against the company under said policy after two years from the time when the right of action shall have accrued. These defenses are then coupled with the answer, (as required,) to the merits of the case. There was judgment in favor of the defendant dismissing plaintiff's suit, the Court maintaining the exception of prescription and otherwise finding in favor of defendant upon the issues raised on the merits of the case. From this judgment the plaintiff has appealed.

We find that the alleged accident occurred on April 9, 1918, and that not until three years and seven months thereafter, to-wit: October 19, 1921, was this action brought. Examining the policy in question, the most pertinent and important clause therein reads as follows:

"No suit shall be brought nor action commenced against this company under this policy * * * after two years from the time when the right of action shall accrue."

It is contended by plaintiff, that notwithstanding the clause just quoted, that same has no application to the instant case, or if said clause could have ever been applied as a defense to this suit, that defendant is estopped from pleading same because of the subsequent actions of the company or its authorized agents in holding out to the plaintiff such promises of settlement or of entertaining such negotiations of settlement, as caused plaintiff to believe that the clause in question was waived and as to delay plaintiff in asserting her legal rights within a reasonable time before the prescriptive period referred to had elapsed.

The first question to be disposed of in this matter is whether the plea of prescription is properly and timely applied and whether estoppel can be urged as against the said plea. The merits of this case need not be discussed if the plea of prescription is good.

There appears from the evidence the undisputed fact that plaintiff first presented a disability claim to the defendant company sometime in April, 1918, and that same was rejected by the local representatives of the company and sent by them to the home office, and that soon after this rejection was made and knowledge of it brought to the defendant, she called at the office to make personal inquiry and was advised that the claim had been rejected. It is also an undisputed fact that nothing was done by the plaintiff until April, 1921, when she placed her claim in the hands of her attorney, and suit was not filed on said claim until October 19, 1921.

We find from the evidence that although negotiations were had between plaintiff and defendant concerning the claim in question, that said negotiations entirely ceased a few months after the date of the accident, and long before the two years prescriptive period could have accrued. very much more than a year

before the expiration of the time limit. It is true that long after the two years had elapsed as a time within which the suit whould have been instituted, and, in fact, fully three years after the accident had occurred, that when plaintiff's attorney communicated with the defendant insurance company, he was told that the company would adjust the claim if they were furnished with satisfactory proofs that plaintiff was disabled. These statements were, however, made long after the two years had elapsed and by no possible implication could it be said that the company had waived its right or that it has been estopped by its actions from setting up the prescription period set forth in the policy. It is evident from the dates above noted that the plaintiff's rights had already prescribed and hence that she could not have suffered any injury by virtue of the fact that the company was willing to even discuss the justice or not of her belated claim. It cannot be said in this case that she was misled in any way to the prejudice of her legal rights, the right to sue having been barred oger a year before these negotiations occurred. The accident having happened on April 9, 1918, the right to sue thereunder was barred after April 9, 1920. While under the facts of this case it is apparent that whatever negotiations were subsequently made, same never arose until, as just stated, the action had been prescribed for over a year. It should be further noted that the policy in question specifically provides that its agents are not authorized to and have no power to make, alter or discharge any contracts for the company, and that, therefore, no agents could waive the terms of the contract requiring suit to be filed within two years. Moreover, we are unable to find from the evidence in this case that plaintiff has in any manner proven that the company or its agents made any claim to her that would justify her belief that the definite stipulations of the policy had been qualified or waived.

There is nothing in the law of the contract upon which this suit is predicated that is against public policy or contrary to equity and fair dealing. It has been frequently recognized by the courts of this State that such stipulations in policies of insurance as are now pleaded in this suit are valid and legal as between the parties and will be rigidly enforced when a defense thereunder is properly urged. In the case of Blanks v. Hibernia Insurance Company, 36 Ann., 599, it has been held:

> "Stipulations in policies of insurance limiting the time within which claim shall be prosecuted are valid and legal and form the law of the parties."

See also Carraway vs. Merchants Insurance Co., 26 Ann., 298; Mortimer v. Merchants Insurance Co., 35 Ann., 353.

We find that the plea or exception of prescription as herein filed is well founded and must be maintained. There is, therefore, no necessity for a consideration by this Court of the issues raised upon the merits of this case.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the judgment herein appealed from be and the same hereby is affirmed at plaintiff's costs in both courts.

JUDGMENT AFFIRMED.                    FEBRUARY 19, 1923.